IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TONY ROQUE, a Washington resident<br><br>Plaintiff,<br><br>vs.<br><br>SEATTLE HOUSING AUTHORITY, a public entity,<br><br>Defendant. | NO.  2:20-cv-658<br><br>PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE |

Plaintiff Tony Roque respectfully requests this Court to enter into a Preliminary Injunction, granting access to one reserved parking space in the Raven Terrace garage.[1] This parking space will be shared by Mr. Roque's care provider and visiting nurses ("caregivers"), in order to provide life sustaining care to Mr. Roque.

Mr. Roque's caregivers parked in the garage without issue until recently. *Declaration of Tony Roque in Support of Plaintiff's Reply to Defendant's Response to the Court's Order to Show Cause* ("*Roque Reply Decl.*"), at 3 ¶ 7-8.  In March 2020, Defendant Seattle Housing Authority (SHA) restricted parking access for Mr. Roque's caregivers and subsequently denied Mr. Roque's reasonable accommodation request. *Id.* at ¶ 12-15.   This restriction has prevented Mr. Roque's caregivers from providing essential care to Mr. Roque. *Id.* at ¶ 22-23. Mr. Roque has suffered

---

[1] Plaintiff respectfully narrows his request for access to the parking garage made in his *Motion for Preliminary Injunction, Request for Temporary Restraining Order, and Incorporated Memorandum of Law*, to a request for a single reserved space in the Raven Terrace Parking garage through this Reply.

PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE - 1
CASE NO. 2:20-cv-658

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

irreparable harm, and Mr. Roque's physical pain and emotional suffering will continue to increase unless he is provided a reserved parking space. The court should grant Mr. Roque's request for a preliminary injunction because Mr. Roque is likely to succeed on the merits, is likely to suffer grave irreparable harm, even death, in the absence of preliminary relief, the balance of equities tips in his favor, and an injunction is in the public interest.

## I.     STATEMENT OF FACTS

Plaintiff reiterates the facts stated in his *Motion for Preliminary Injunction, Request for Temporary Restraining Order, and Incorporated Memorandum of Law*.

## II.     ARGUMENT AND AUTHORITY

### A. *Preliminary Injunction Standard.*

The purpose of a preliminary injunction is to prevent future violations. A plaintiff must demonstrate there is "some cognizable danger of recurrent violation." *United States v. W. T. Grant Co.*, 345 U.S. 629, 633 (1953).  A plaintiff is entitled to a preliminary injunction if he establishes (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

### B. *Mr. Roque Will Likely Succeed on the Merits.*

Mr. Roque will succeed on the merits because Mr. Roque is not required to exhaust his administrative remedies, SHA was properly served, and SHA was given proper notice. SHA improperly denied Mr. Roque's request for a reasonable accommodation as required under the Americans with Disabilities Act (ADA), the Rehabilitation Act (Rehab Act), the Federal Fair Housing Amendments Act (FHAA), and the Washington Law Against Discrimination (WLAD).

**1. Mr. Roque is not required to exhaust his administrative remedies.**

PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE - 2
CASE NO. 2:20-cv-658

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

There is no exhaustion of remedy requirement for a private plaintiff suing under Title II of the ADA, FHAA or Rehab Act. *See, Smith v. Barton,* 914 F.2d 1330, 1338 (9th Cir.1990). A plaintiff is allowed to file a private lawsuit "at any time." 28 C.F.R. § 35.172(d). "Indeed, it is well-settled that a plaintiff is not required to exhaust administrative remedies before commencing an FHA[A], ADA, or Rehabilitation Act claim in federal court." *Sinisgallo v. Town of Islip Hous. Auth.,* 865 F. Supp. 2d 307, 320 (E.D.N.Y. 2012); *See also, U.S.C.* § 3613. As such, Mr. Roque is not required to exhaust administrative remedies for any of these discrimination claims.

Even if Mr. Roque was required to exhaust administrative remedies, he would be excused from this requirement. The Supreme Court recognized that "cases may arise where a claimant's interest in having a particular issue resolved promptly is so great that deference to the agency's judgment is inappropriate." *Bowen v. City of New York*, 476 U.S. 467, 483 (1986). In *Bowen*, plaintiffs were not required to exhaust administrative remedies because enforcement of the exhaustion requirement against them would cause irreparable harm. *Id.* at 483. The Court further deferred to the District Court's concern that "the ordeal of having to go through the administrative appeal process may trigger a severe medical setback." *Id.* Like the plaintiffs in *Bowen*, Mr. Roque would almost certainly suffer severe medical consequences if he needed to wait over a month[2] for the SHA ADA/504 Committee to grant his reasonable accommodation request.

**2. SHA Was Properly Served, and Received Proper Notice of the Preliminary Injunction Motion and Plaintiff's Request for a Reserved Parking Space.**

a. <u>Plaintiff properly served SHA.</u>

In federal court matters, proper service is made by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. *FRCP 4(h)(1)(B).*

---

[2] Mr. Roque's appeal hearing is scheduled for June 8, 2020. *Defendant's Exhibit 4 to Sanja Stegich's Declaration.*

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE -** 3
CASE NO. 2:20-cv-658

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

On May 1, 2020, a process server served Raven Terrace's building manager, Eric Owens. *Dkt. #10.* Raven Terrace was served two more times, on May 4, and May 5, 2020, one of which was on Davina O'Conner, SHA's property manager. *Dkt. # 16* and *17*. Both Owens and O'Connor are general agents of SHA. As such, Plaintiff properly served SHA[3] in this matter.

### b. SHA had proper notice of the Preliminary Injunction Motion, including Mr. Roque's request for a reserved space.

Preliminary injunctions may only be issued with notice upon opposing parties. Fed. R. Civ. P. 65(a)(1). Notice of what the injunction will entail is required in order for the party against whom the injunction is being sought to have adequate time to prepare a defense. *Granny Goose Foods, Inc. v. Bhd. Of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 444, (1974). So long as a defendant has been given sufficient time to prepare a defense against the injunction sought, the notice requirement has been met. *Synopsys, Inc. v. AzurEngine Techs., Inc.*, 401 F. Supp. 3d 1068, 1075 (S.D. Cal. 2019).

In this case, SHA received notice of the preliminary injunction motion and had sufficient time to prepare a defense. SHA's counsel filed a Notice of Appearance on May 5, 2020, and filed a response on May 18, 2020. *Dkt. #15 & 20.*

Additionally, Mr. Roque's request for the Court to order SHA to provide a single reserved parking space for his caregivers should be granted because SHA has had adequate notice of this request.[4] *Defendant's Response to the Court's Order to Show Cause ("Defendant's Response")*

---

[3] Seattle Housing Authority and its office is currently closed to the public due to the COVID-19 pandemic. *Fong Decl.* at 1 ¶¶ 13, 15. As such, physical service of SHA's main office is impossible. Raven Terrace is the only physical location where a SHA representative could be reached in person. *Id.* Additionally, SHA is not listed on the Secretary of State website, which typically provides the registered agent information. *Declaration of Bonnie Fong in Support of Plaintiff's Reply to Defendant's Response to the Court's Order to Show Cause* ("*Fong Reply Decl.*"), at 1 ¶ 21.

[4] On May 8, 2020, Mr. Roque's counsel requested a reserved space in the parking garage from Davina O'Connor, the Raven Terrace property manager. *Fong Reply Decl.* at 2 ¶ 1-5. This request was denied on May 12, 2020. *Id.* The following day, SHA's counsel was told that Mr. Roque would be asking for a reserved space in this Reply and even offered to stipulate to a surreply on that narrow issue. *Id.* SHA's counsel did not respond. *Id.*

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE -** 4
CASE NO. 2:20-cv-658

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

recognized this request for the reserved space and devoted a substantial amount of its argument addressing this request. *Defendant's Response,* at 14-15. Notice is sufficient where defendant has the time and opportunity to submit oppositional briefings against the injunction being sought. *Synopsys, Inc.* 401 F. Supp. 3d. 1075. Therefore, the notice SHA received was sufficient under FRCP 65.

### 3. Mr. Roque's State Law Claims Are Procedurally Valid.

SHA also argues that Mr. Roque's state law disability and tenant and landlord claims are barred because they do not comply with Washington's notice statute: RCW 4.96.010(1). *Defendant's Response,* at 6 ¶ 4-13. Under this statute, all claims for damages against a local government entity must be filed with that entity through a tort form and must be presented to a specified agent of that entity 60 days before any lawsuit may be commenced. *RCW 4.96.020 (3), (4)*. However, the tort form requirement is only relevant for actions against public entities seeking damages. *RCW 4.96.010(1)*. In Mr. Roque's Motion for Preliminary Injunction, Mr. Roque is only seeking injunctive relief, not damages.[5] Therefore, the tort form is unnecessary to present his request for a preliminary injunction.

### 4. SHA improperly denied Mr. Roque's Request for a Reasonable Accommodation.

SHA improperly denied Mr. Roque's request for a reasonable accommodation as required under the ADA, the Rehab Act, the FHAA, and the WLAD.

---

[5] Even if Mr. Roque was seeking damages at this time, it is SHA that is in violation of RCW 4.96.020 because it does not provide a tort form or contact information of its specified agent. RCW 4.96.020(3)(c) requires that the tort form must be posted on the entity's website. Additionally, the King County Auditor's Office had no information about SHA's specified agent. Mr. Roque resorted to using the "Washington State Tort Claim" form and emailed it to SHA's counsel, in anticipation for a later claim of damages, because SHA provided no other option to submit claims. *Fong Reply Decl.* at 2 ¶ 6-10.

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE - 5**
CASE NO. 2:20-cv-658

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

SHA admits to its discrimination against Mr. Roque; SHA denied Mr. Roque parking because he is disabled and does not have a car. *Defendant's Response,* at 9 ¶ 9-12.  SHA repeatedly attempts to obfuscate Mr. Roque's request by claiming that the reasonable accommodation request is for Mr. Roque's caregivers.  *Id.* at 2 ¶ 22, 3 ¶ 6-12, 14-15, 7 ¶ 7-8, 17-18, 8 ¶ 16-17, 10 ¶ 13-15, 13 ¶ 3.  However, Mr. Roque's request for a reasonable accommodation is simple: to provide a single reserved space for all of his caregivers to share so they can adequately care for Mr. Roque.

      i.  <u>SHA failed to provide Mr. Roque meaningful access to its programs and services.</u>

SHA asserts that it is "beyond dispute" that a public entity only needs to provide some reasonable accommodation, without considering the preferences or requests of the person with a disability. *Id.* at 13 ¶ 13-18.  That is not true.  The request needs to be reasonable, and the answer to that question must be developed through the factual record. *See McGary v. City of Portland*, 386 F.3d 1259, 1270 (9th Cir. 2004).  SHA simply denied his request. The FHAA "impos[es] an 'affirmative duty' on landlords and public agencies to reasonably accommodate the needs of disabled individuals." *Id.* at 1261. HUD has found requests for a reserved parking space to be facially reasonable. *See* 24 C.F.R. 100.204(b).

Additionally, SHA cites the wrong standard and Title of the ADA. SHA cites *Zivkovic v. S. California Edison Co.*, which is an ADA Title I employment discrimination case involving a private company. *Defendant's Response,* at 13 ¶ 13-18.  SHA inserts "public entity" into the standard for private employers in *Zivkovic* and declares it the undisputed standard for the obligation of public entities to provide accommodations. Rather, public entities fall under an entirely different Title of the ADA and are held to a different standard when providing accommodations: meaningful access.

PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE - 6
CASE NO. 2:20-cv-658

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

Title II as well as Section 504 of the Rehab Act both require a public entity to provide participants with disabilities "meaningful access" to its programs and services. *K.M. ex rel.Bright v. Tustin Unified Sch. Dist.*, 725 F.3d 1088, 1102 (9th Cir. 2013). Meaningful access is denied when an otherwise facially neutral policy of a public entity places greater burdens on individuals with disabilities because of their unique needs. *Rodde v. Bonta*, 357 F.3d 988, 998 (9th Cir. 2004). The Ninth Circuit has repeatedly recognized that facially neutral policies may violate the ADA when such policies unduly burden people with disabilities, even when such policies are consistently enforced. *McGary,* at 1265.

In *Crowder v. Kitagawa*, 81 F.3d 1480 (9th Cir. 1996), the Ninth Circuit considered whether Hawaii's requirement that all dogs entering the state be quarantined for 120 days violated Title II of the ADA. The Court held that the policy, although neutrally applied to all people, violated the ADA because it burdened blind persons in a greater way due to their dependence upon guide dogs. *Id.* at 1484. The policy denied those with disabilities meaningful access to the programs and services of Hawaii. *Id.* "The purpose of the ADA's reasonable accommodation is to guard against the facade of 'equal treatment' when particular accommodations are necessary to level the playing field." *McGary*, at 1267. Sometimes the accommodation will require a public entity to offer as a reasonable accommodation a different, seemingly preferential privilege to those with disabilities when an accommodation is needed to "level the playing field." The ADA "creates an affirmative duty in some circumstances to provide special, preferred treatment, or 'reasonable accommodation.'" *Dunlap v. Ass'n of Bay Area Governments,* 996 F. Supp. 962, 965 (N.D. Cal. 1998).

In this case, because of Mr. Roque's dependence on his caregivers for his survival, he is uniquely and significantly burdened by the facially neutral "first come first served" and "residents

PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE - 7
CASE NO. 2:20-cv-658

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

and staff only" parking policies. Like the plaintiffs in *Crowder*, this extra burden due to disability amounts to denial of meaningful access. Mr. Roque needs the accommodation of one reserved parking space to "even the playing field" due to his disability, even if this accommodation would result in seemingly preferential treatment. Denying Mr. Roque this reasonable accommodation would deny him meaningful access to the same public housing program that other residents enjoy.

Relatedly, SHA mischaracterizes Mr. Roque's request as desire to the full and equal enjoyment of the Raven Terrace parking garage. *Defendant's Response,* at 10 ¶ 1. This is incorrect. Mr. Roque's request for a reasonable accommodation is to ensure the full and equal enjoyment of his apartment. In other words, Mr. Roque cannot possibly have full and equal enjoyment of his apartment if his caregivers cannot adequately access him because he will suffer severe medical consequences or die.

      ii.    <u>Mr. Roque's request does not constitute a fundamental alteration of SHA's Housing Program and is not an unreasonable burden.</u>

A public entity is not required to grant an accommodation only if it "can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity," and the public entity bears that burden of proof. 28 C.F.R. § 35.130(b)(7)(i); *see also McGary*, at 1266. The Ninth Circuit has repeatedly held that a determination on such defenses must come after discovery, and be based on findings of fact. *See Crowder*, at 1485–86; *McGary*, at 1270; *see also* 28 C.F.R. § 35.130(b)(7)(i). SHA has failed to put forth any evidence except inadmissible speculation that reserving a parking space for Mr. Roque's caregivers would fundamentally alter SHA's program to provide housing to its residents.[6]

---

[6] In fact, SHA admits that it reserves parking spaces for its own purposes. *Defendant's Response,* at 2 ¶ 3-4. A reasonable accommodation can be made by replacing staff parking spaces in favor of a resident with a disability. *Shapiro v. Cadman Towers, Inc*., 844 F.Supp. 116, 127 n.13 (1994).

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE -** 8
CASE NO. 2:20-cv-658

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

Mr. Roque's request does not significantly impact other resident families who park in the parking garage. SHA argues without evidence that Mr. Roque's accommodation request fundamentally alters SHA's housing program. *Defendant's Response,* at 14 ¶ 10-17. SHA fails to understand that Mr. Roque is requesting only one parking space, which would be shared by his various caregivers. This would not require SHA to "set aside nearly 20% of the parking spaces." *Id.* Providing Mr. Roque with a single parking space does not fundamentally alter Mr. Roque's lease agreement, its provision of housing, or the living experiences of any other residents at Raven Terrace. SHA has failed to carry its burden of proof or even make a preliminary showing that Mr. Roque's requested accommodation fundamentally alters its program.

   iii. <u>Mr. Roque's request for one reserved parking space is a reasonable request, and is the least burdensome solution to his request for accessibility.</u>

Mr. Roque's accommodation request is the least burdensome option for SHA. After rejecting Mr. Roque's request out of hand, SHA now attempts to argue that there are four alternative accommodations – none of which are relevant and rely on third parties. They do not reasonably accommodate Mr. Roque, and they are unnecessarily burdensome on all parties.

First, SHA's suggestion that Mr. Roque apply to transfer to a larger unit where a caregiver can live is not feasible or reasonable because it is significantly less burdensome for SHA to provide a single parking space. Also, SHA claims that Mr. Roque is eligible for a live-in caregiver. This assertion is false. Mr. Roque is not authorized by the state for 24 hour[7] care so this option resolves nothing.

---

[7] While SHA deems Mr. Roque's provided 16-hour care a "contradiction," the state does not fund 24 hours/ 7 days a week care in a community, rather than facility, setting. *Defendant's Response,* at 11 ¶ 4-7, *Declaration of Mark Bernstein in Support of Plaintiff's Reply to Defendant's Response to the Court's Order to Show Cause,* at 2 ¶ 14-22. 24 hour care is available in residential facilities such as adult family home, assisted living and nursing homes. *Id.* Mr. Roque, as with the majority of clients, has chosen to live safety and independently in the community. *Id.* A state approved rule exception allows for 16 hours a day of contracted agency homecare support for Mr. Roque. *Id.* This has enabled Mr. Roque the opportunity to live in the community. *Id.*

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE -** 9
CASE NO. 2:20-cv-658

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

Second, SHA suggests that Mr. Roque's caregivers use on-street Zone 7 parking or the 30-minute on-street loading zone. *Id.* at 13 ¶ 5-9. This does not resolve Mr. Roque's need for accommodations. The 30-minute loading zone does not provide for longer parking if and when it is available. Zone 7 street parking is often unavailable. *Roque Reply Decl.* at 6 ¶ 18-19. The evidence before the Court is that street parking is at times impossible to find in this densely populated neighborhood. *Id.*

Finally, SHA argues that Mr. Roque should find new caregivers who have an easier commute. *Defendant's Response,* at 13 ¶ 5-9. SHA ignorantly fails to understand that Mr. Roque's current caregiver is the only primary individual who is willing to care for him during the COVID-19 pandemic. *Roque Reply Decl.* at 2 ¶ 8-9. Currently, he does not have other caregiver options.[8] Also, such a request is discriminatory under the FHAA as it discriminates against someone with mobility disabilities from caring for Mr. Roque. Mr. Roque has considered alternatives to accommodate his needs and the ongoing accessible parking issue however access to one parking space for all of his caregivers is the least burdensome option to reasonably accommodate him.

Even if one of the above suggestions is theoretically possible, Mr. Roque is not required to accept it. In *Baughman v. Walt Disney World Co.*, 685 F.3d 1131 (9th Cir. 2012) the court held that although the plaintiff could visit Disneyworld in a cumbersome manual wheelchair instead of her requested Segway, Disney is required to accommodate her Segway. "If it can make Baughman's experience less onerous and more akin to that enjoyed by its able-bodied patrons, it must take reasonable steps to do so." *Id.* Here, even if one of SHA's suggestions is a theoretically

---

[8] Mr. Roque requires several caregivers to provide him with life sustaining care. *Roque Reply Decl.*, at 6 ¶ 14-18. Some caregivers, such as Margarita, come to empty his catheter bag while others, such as Justin, come to provide Mr. Roque with physical therapy. *Id.* The length of time for each varies. *Id.* Having one reserved space for all of Mr. Roque's caregivers is a reasonable accommodation so that all of his caregivers can have access to Mr. Roque.

PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE - 10
CASE NO. 2:20-cv-658

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

possible alternative, which they are not, SHA is required to take reasonable steps to make Mr. Roque's experience less onerous and more akin to that enjoyed by its residents without disabilities.

### C. *The Balance of Equities Tips in Plaintiff's Favor.*

"A preliminary injunction is proper if … the balance of hardships tips sharply in favor of the plaintiff." *M.R. v. Dreyfus*, 697 F.3d at 725. Here, the "court must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Amoco Prod. Co. v. Vill. of Gambell, AK,* 480 U.S. 531, 542 (1987).

Without the injunction requested, the harm to Mr. Roque includes skin infections and other healthcare complications that are not only uncomfortable but also potentially fatal. Mr. Roque faces risks including imminent starvation, infection, and damage to his organs. *Declaration of Dr. Matthew Jaffy*, at 2. SHA has still yet to articulate any rationale with a factual basis for eliminating Mr. Roque's access to parking beyond slavish adherence to the letter of its own rigid parking garage policies.

It is undisputed that the balance of equities tip in Mr. Roque's favor. Mr. Roque will face potentially fatal health consequences if he does not receive the care he require. On the other side of the scale, SHA has yet to even articulate any rationale with a factual basis for not providing parking to Mr. Roque.

### D. *Mr. Roque Is Likely to Suffer Irreparable Harm in the Absence of Preliminary Relief.*

It is undisputed that Mr. Roque has already suffered irreparable harm, and will continue to suffer at the expense of his physical and emotional health without a preliminary injunction. Mr. Roque began suffering irreparable harm[9] when SHA changed its parking policy. In its *Order*

---

[9] Mr. Roque went four days in a row eating nothing but bread and condiments. *Id. Roque Reply Decl.* at 5 ¶ 11-13. Mr. Roque must be repositioned every 30 minutes to relieved pressure. *Id.* at 2 ¶ 6-7. Mr. Roque was stranded for two days due to the lack of parking, and he suffered skin deterioration due to unrelieved pressure. *Id.* at 5 ¶ 18-20.

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE -** 11
CASE NO. 2:20-cv-658

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

*Granting Motion for Temporary Restraining Order*, the Court observed that Mr. Roque easily meets his burden of demonstrating irreparable harm, and Mr. Roque's situation has not changed since. *See* Dkt. #14, p. 5.

### E. *An Injunction is in the Public Interest.*

It is undisputed that the public interest is served by enforcing the ADA, the Rehab Act, the WLAD, and the FHAA, which were passed with the express purpose of eliminating discrimination against persons with disabilities. This is the very discrimination Mr. Roque is suffering at the hands of SHA and SHA is violating the ADA, the Rehab Act, the WLAD, and the FHAA by failing to reasonably accommodate Mr. Roque. Furthermore, SHA's actions discourage residents with disabilities from requesting even the smallest reasonable accommodations.

Finally, it should be noted that the Ninth Circuit follows a "sliding scale" approach to the four preliminary injunction elements, such that "a stronger showing of one element may offset a weaker showing of another," as long as "irreparable harm is likely." *See, Doe v. Kelly*, 878 F.3d 710, 719 (9th Cir. 2017). In this case, SHA did not even argue three of the four preliminary injunction elements: SHA declined to comment on the balance of inequities, the irreparable harm, and that the injunction is in the public interest. As such, Mr. Roque's respective claims on those three elements remain undisputed and the court should follow a sliding scale approach.

### III. CONCLUSION

For the foregoing reasons, plaintiff Tony Roque respectfully requests this Court to enter into a preliminary injunction and authorize Tony Roque's caregivers to park in a single reserved parking space in the Raven Terrace garage.

DATED THIS 22nd day of May, 2020

By:

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE -** 12
CASE NO. 2:20-cv-658

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

1  /s/Bonnie Fong
Bonnie Fong
WSBA#51276
Bonnie@wacda.com
(206) 455-6430
WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 ROOSEVELT WAY NE, SUITE B, SEATTLE, WA 98105


/s/Conrad A. Reynoldson
Conrad A. Reynoldson
WSBA# 48187
Conrad@wacda.com
(206) 428-3558
WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 ROOSEVELT WAY NE, SUITE B, SEATTLE, WA 98105

*Attorneys for Plaintiff Tony Roque*

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE -** 13
CASE NO. 2:20-cv-658

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

# CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2020, I electronically filed the foregoing PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE and this CERTIFICATE OF SERVICE with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Attorneys for Defendants

DATED: this 22nd day of May, 2020, at Seattle, Washington.

   /s/Bonnie Fong
Bonnie Fong
WSBA#51276
Bonnie@wacda.com
(206) 455-6430
WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 ROOSEVELT WAY NE, SUITE B, SEATTLE, WA 98105
*Attorney for Plaintiff Tony Roque*

PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE - 14
CASE NO. 2:20-cv-658

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558