Hon. Richard A. Jones

1

2

3

4

5

6

7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TONY ROQUE,

               Plaintiff,

    v.

SEATTLE HOUSING AUTHORITY,

               Defendant.

**NO.  2:20-cv-00658-RAJ**

**JOINT STATUS REPORT AND
DISCOVERY PLAN**

The parties, by and through their respective counsel of record who met by telephonic conference on July 21, 2020, submit this Joint Status Report pursuant to the Court's Order Regarding FRCP 26(f) Conference, Initial Disclosures and Joint Status Report (Dkt # 41).

1.    <u>**Statement of the Nature and Complexity of the Case**</u>

Mr. Roque brings this action seeking declaratory, injunctive, and equitable relief; compensatory damages; general damages; and attorneys' fees and costs to redress Defendant's unlawful discrimination on the basis of disability in violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 et seq.; The Fair Housing Amendments Act ("FHAA"), 42 U.S.C. § 3604 et seq.; the Washington Law Against Discrimination ("WLAD"), RCW § 49.60.010 et seq; Section 504 of The Rehabilitation Act U.S.C. § 794 et seq. ("Section 504"); and Title IV of the ADA, 42 U.S.C.A. § 12201 et seq.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

Mr. Roque also brings this action seeking compensatory and general damages for negligent infliction of emotional distress due to the actions of the Defendant.

Defendant denies liability for any claims or causes of action, and affirmatively asserts it has offered a reasonable accommodation to Plaintiff.

**2.**     **Proposed Deadline for Joining Additional Parties**

January 10, 2021 (120 days prior to close of discovery).

**3.**     **Consent to Assignment to Magistrate Judge**

No.

**4.**     **Proposed Discovery Plan Under FRCP 26(f)(3)**

**a.  Initial Disclosures**

Defendant made its initial disclosure on July 30, 2020. Plaintiff made his initial disclosure on July 31, 2020.

**b.  Subjects, Timing, and Potential Phasing of Discovery**

The parties propose that discovery should be set consistent with this Court's customary and standard practice.  No phasing of discovery is necessary.

**c.  Electronically Stored Information**

It is not expected that this case will involve extensive use of electronically stored information ("ESI"). The Parties agree that ESI will be produced to the requesting party with searchable text, in a format to be decided between the parties. Unless otherwise agreed to by the Parties, files that are not easily converted to image or .pdf format, such as spreadsheet, database, and drawing files, will be produced in native format.

**d.  Privilege Issues**

A producing party shall create a privilege log of all documents fully withheld from

JOINT STATUS REPORT

**Page 2 of 8**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

production on the basis of a privilege or protection, unless otherwise agreed or excepted by this Agreement and Order. Privilege logs shall include a unique identification number for each document and the basis for the claim (attorney-client privileged or work-product protection). For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title; and date created. Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure. Privilege logs will be produced to all other parties no later than 30 days after delivering a production. With respect to attorney-client or work-product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

If after meeting and conferring there remains a dispute as to the assertion of any privilege, the parties may raise those issues through the expedited dispute resolution procedures outlined below.

In addition, the Parties have discussed concerns regarding disclosure of confidential or other protected information, and are in the process of developing a stipulated motion for a protective order, which they will submit to this Court.

### e.  Proposed Limitations on Discovery

None.

### f.  Need for Discovery Related Orders

None at this time.

## 5.  LCR 26(f)(1) Items

### a.  Possibilities for Promptly Settling Or Otherwise Resolving This Case

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

1    Plaintiff believes this is a case that can and should settle, and is willing to engage in

2    settlement discussions with Defendant at any time. Defendant Seattle Housing Authority (SHA)

3    believes that it must engage in limited discovery (including a deposition of Plaintiff Tony Roque

4    and a deposition of his caregiver Ms. Mohamud) before settlement discussions. The Court has set

5    a deadline of August 20, 2020 for this limited discovery before the hearing on Plaintiff's Motion

6    for Preliminary Injunction.

7    Plaintiff proposes that, per the Court's suggestion, that this Court schedule a settlement

8    meeting with a Magistrate Judge at some point after August 20, 2020 and before the hearing on

9    Plaintiffs' motion for a preliminary injunction (date not yet set), in the hope that this matter can

10   be resolved.

11                   **b.  Alternative Dispute Resolution**

12   Plaintiff asks that the Parties plan to engage in settlement discussions with a magistrate

13   judge, as set out in § 5(a), above.  Defendant will accept the Court's direction on the timing of

14   settlement discussions.

15                   **c.  Related Cases**

16   None.

17                   **d.  Discovery Management**

18   The Parties will endeavor to tailor their discovery requests and depositions, and to seek

19   only so much information as is necessary to promptly and inexpensively resolve this case. In the

20   event of a discovery dispute, the Parties have agreed to employ the expedited discovery dispute

21   procedures in Local Civil Rule 37(a)(1)(B), as encouraged by this Court.

22                   **e.  Anticipated Discovery Sought**

23   Plaintiff has already sent targeted requests for production and interrogatories to

JOINT STATUS REPORT

**Page 4 of 8**

1  Defendant SHA, and anticipates seeking discovery regarding his request for reasonable

2  modification of Defendant SHA's standard parking policies, as well as Defendant's standard

3  policies and practices regarding responding to such requests, and responses to similar requests

4  that have been issued in other instances, as well as other information related to Plaintiff's claims

5  and SHA's defenses. Plaintiff plans to notice a 30(b)(6) deposition of Defendant's corporate

6  designees, as well as to depose key SHA officials with knowledge of the entity's policies and

7  practices and involvement in SHA's decision regarding Mr. Roque's request; and/or other SHA

8  employees having involvement in implementation of this Court's temporary restraining order.

9  Plaintiff may depose other witnesses identified by the Defendant as having discoverable

10  information.

11      Defendant anticipates deposing Plaintiff, his caregivers, his case manager, and medical

12  provider.  Defendant will also propound written discovery requests to Plaintiff.

13                    **f.   Phasing of Motions**

14      Parties will file motions on potentially dispositive issues within 90 days of the trial date.

15  Both Parties expect to file motions for summary judgment, in whole or part, before trial.

16                **g.   Preservation of Discoverable Information**

17      The parties agree to preserve discoverable information and do not anticipate issues

18  related thereto.

19                    **h.   Inadvertent Production**

20      Pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding

21  shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a

22  waiver by the producing party of any privilege applicable to those documents, including the

23  attorney-client privilege, attorney work-product protection, or any other privilege or protection

JOINT STATUS REPORT

**Page 5 of 8**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

1   recognized by law.  Information produced in discovery that is protected as privileged or work

2   product shall be immediately returned to the producing party, and its production shall not

3   constitute a waiver of such protection.

4                    **i.   Model Protocol for Discovery of ESI**

5           As set forth above in Section 4(c), this case should not involve a significant volume of

6   ESI.  As such, the parties do not anticipate the need for the Model Protocol at this time.

7                    **j.   Alternatives to Model Protocol**

8           Key provisions of the model protocol (such as those regarding searchable text, privilege,

9   and inadvertent production) have been integrated in to this joint statement.

10          **6.      Date for Completion of Discovery**

11          May 10, 2021 (120 days before trial).

12          **7.      Bifurcation**

13          Not applicable.

14          **8.      Trial Date**

15          Given the current COVID-19 pandemic, Plaintiff proposes a trial date of September 7,

16   2021. Dates for discovery and dispositive motions have been set back from this proposed date.

17          Defendant maintains that this schedule is too attenuated and asks that the Court schedule

18   the trial in accord with current practice.

19          **9.      Trial Type**

20          Jury Trial.

21          **10.     Trial Length**

22          The parties estimate that trial will take 5 days.

23          **11.     Trial Counsel**

JOINT STATUS REPORT

**Page 6 of 8**

1    Trial counsel will be the signatories to this Joint Status Report.

2    **12.    <u>Trial Date Complications</u>**

3    None at this time.

4

5

6    DATED THIS 10th day of August, 2020.

7    By:
     <u>s/ *Conrad Reynoldson*</u>              <u>s/ *Jill Sulzberg*</u>
8    Conrad Reynoldson                    Jill Sulzberg
     WSBA# 48187                          WSBA# 55946
9    conrad@wacda.com                     jill@wacda.com
     (206) 876-8515                       206-971-1124
10
     WASHINGTON CIVIL & DISABILITY ADVOCATE
11   4115 ROOSEVELT WAY NE, SUITE B, SEATTLE, WA 98105
     *Attorneys for Plaintiff Tony Roque*
12
     s/*Thomas Zito*                      <u>s/ *Sean Betouliere*</u>
13   Thomas Zito                          Sean Betouliere
     *PRO HAC VICE*                       *PRO HAC VICE*
14   tzito@dralegal.org                   sbetouliere@dralegal.org
     (510) 480-0636                       (510) 529-3428
15
     DISABILITY RIGHTS ADVOCATES
16   2001 CENTER STREET, 4TH FLOOR, BERKELEY, CA 94704
     *Attorney for Plaintiff Tony Roque*
17
18   s/<u>*Leigh Ann Collings Tift*</u>
     Leigh Ann Collings Tift
19   Seattle Housing Authority
     190 Queen Anne Ave., N
20   Seattle, WA 98109
     Leighann.tift@seattlehousing.org
21   206-615-3572
     *Attorney for Defendant Seattle Housing Authority*
22

23

JOINT STATUS REPORT                    WASHINGTON CIVIL & DISABILITY ADVOCATE
                                       4115 Roosevelt Way NE, Suite B
**Page 7 of 8**                        Seattle, WA 98105
                                       (206) 428-3558

1

**CERTIFICATE OF SERVICE**

2    I hereby certify that on August 10, 2020, I electronically filed a true and accurate copy of

3    the foregoing JOINT STATUS REPORT AND DISCOVERY PLAN and this CERTIFICATE

4    OF SERVICE with the Clerk of the Court using the CM/ECF System, which will send

5    notification of such filing to the following:

6

7    Leigh Ann Collings Tift
     leighann.tift@seattlehousing.org
     (206) 615-3572

8    Seattle Housing Authority
     190 Queen Anne Ave. N

9    Seattle, WA 98109

10

11   DATED ON THIS 10th day of August, 2020

12

13

14   **Rachel Pollard**, Legal Assistant

15

16

17

18

19

20

21

22

23

JOINT STATUS REPORT

**Page 8 of 8**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558