UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| TONY ROQUE, a Washington Resident,<br><br>Plaintiff<br><br>v.<br><br>SEATTLE HOUSING AUTHORITY, a Public Entity,<br><br>Defendant | NO. 2:20-cv-658-RAJ<br><br>STATUS REPORT OF DEFENDANT, SEATTLE HOUSING AUTHORITY |

Defendant, through its undersigned counsel, submits the following Status Report regarding this matter.

I.      Background.

In June, 2020, the Seattle Housing Authority ADA-504 Committee issued a decision in regard to Mr. Roque's request for accommodation, i.e., reserved parking in the Raven Terrace garage for his care providers.  SHA denied Mr. Roque's request for reserved parking at Raven Terrace because (1) the accommodation requested was a fundamental change to the terms of Mr. Roque's lease at Raven Terrace, and thus a fundamental change to an SHA program as applied to that property;  (2) SHA did not have the ability to monitor and enforce "reserved" parking for Mr. Roque's care giver, and committing limited staff to enforcement efforts on a 24-hour basis

SHA STATUS REPORT 3.4.21-1

required a fundamental change to SHA's property management structure and program; and (3) given SHA's inability to enforce reserved parking for Mr. Roque's care giver, the requested accommodation was not effective and not reasonable.

As an alternative, SHA offered to transfer Mr. Roque to a comparable unit (either owned by SHA or a unit offered by a private landlord) that had assigned parking. DKT No. 40-1 at 4. SHA made it clear that it would bear the cost of Mr. Roque's moving expenses. Mr. Roque refused this alternative because he prefers certain amenities at Raven Terrace. DKT No. 53-1 (Roque Tr. at 70:6-71:9).

II. Defendant's Position

In the summer of 2020, SHA received many complaints from Plaintiff and his counsel about parking infractions and enforcement of the reserved space. Since approximately August of 2020, SHA has not received any complaints or communications from Plaintiff in regard to the reserved space. Property Management observes that Ms. Mohamud's car is often parked in the garage for full 24-hour periods, which is in excess of Ms. Mohamud's work hours.

Defendant maintains that its offer of an alternative reasonable accommodation fulfills the obligations of the ADA, and that Plaintiff has unreasonably refused to consider this workable alternative that satisfies his stated need for on-site parking for his care giver. Reserved parking for a non-resident caregiver is perceived as inequitable by other residents of Raven Terrace, and is the subject of frequent comments to property management by the residents. As was disclosed in discovery, a similar request for reserved parking by a resident of Raven Terrace was accommodated by a move to a property with more plentiful, assigned parking.

III. Trial and Related Dates

The discovery deadline in this matter is June 15, 2021. Defendant completed the

1 depositions of Mr. Roque and his caregiver, Ms. Mohamud, in August, 2020 and responded to
2 written discovery issued by Plaintiff.  Defendant anticipates issuing written discovery to
3 Plaintiff, and possibly scheduling one more deposition.  Both will be completed by the end of the
4 discovery period.

Respectfully submitted this 4th day of March 2021.

*/s/ Leigh Ann Collings Tift*
Leigh Ann Collings Tift, WSBA #11776
Deputy General Counsel
LeighAnn.Tift@seattlehousing.org
*Attorney for Defendant Seattle Housing Authority*

**CERTIFICATE OF SERVICE**

I certify that on the date noted below I electronically filed this document, entitled SHA Status Report with the Clerk of the Court using the CM/ECF system and will send notice of filing to the following:

| | |
|---|---|
| Washington Civil & Disability Advocate<br>Conrad Reynoldson<br>WSBA #48187<br>conrad@wacda.com<br>(206) 428-3558 | Disability Rights Advocates<br>Sean Betouliere<br>Pro Hac Vice<br>sbetouliere@dralegal.org<br>(510) 529-3428<br><br>Thomas Zito<br>Pro Hac Vice<br>tzito@dralegal.org<br>(510) 529-3428 |

DATED this 4th day of March, 2021, at Seattle, Washington.

/s/ Leigh Ann C. Tift
Leigh Ann Collings Tift

SHA STATUS REPORT 3.4.21-4