Hon Richard Creatura

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

| | |
|---|---|
| TONY ROQUE, a Washington resident, | **Case No. 2:20-cv-658-JRC** |
| Plaintiff | PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS |
| v. | Noting Date: September 10, 2021 |
| SEATTLE HOUSING AUTHORITY, a public entity, | |
| Defendant. | |

# TABLE OF CONTENTS

I.      Introduction ..................................................................................................... 1

II.     Facts ................................................................................................................ 2

    A.      Plaintiff Tony Roque sought a simple accommodation, and this
        case could easily have been resolved without a lawsuit. ...................... 2

    B.      The Seattle Housing Authority refused Mr. Roque's request and
        chose to litigate this case aggressively, increasing costs. ..................... 3

    C.      Mr. Roque's settlement with the Seattle Housing Authority
        achieves everything he sought when filing suit. .................................. 4

III.    Argument ......................................................................................................... 5

    A.      Mr. Roque is entitled to recover his reasonable attorneys' fees, and
        Defendant has agreed not to contest this entitlement............................. 5

    A.      Plaintiff Roque achieved an excellent result in this case, and the
        settlement will help ensure he has the care he needs to stay in his
        home. ................................................................................................... 7

    B.      Plaintiff's full lodestar is the presumptively-reasonable fee, and the
        negotiated fee cap of $150,000 is a significant reduction from this
        amount. ................................................................................................ 7

    C.      The standard hourly rates for Plaintiffs' counsel are reasonable,
        and in line with prevailing market rates in this district......................... 10

    D.      Plaintiff is entitled to recover his reasonable litigation costs. ............. 13

IV.     Conclusion ...................................................................................................... 14

Plaintiff's Motion for Attorney's Fees and Costs
No. 2:20-cv-658-RAJ
i

Disability Rights Advocates
20001 Center St., 4th Floor
Berkeley, CA 94704
(510) 529-3412

Washington Civil and
Disability Advocate
4115 Roosevelt Way NE,
Ste B, Seattle, WA 98105
(206) 428-3172

1

**TABLE OF AUTHORITIES**

2

**Cases**

3

*Armstrong v. Davis*,
   318 F.3d 965 (9th Cir. 2003) ........................................................................... 8, 9

4

*Barrios v. Cal. Interscholastic Fed'n*,
   277 F.3d 1128 (9th Cir. 2002) ........................................................................... 6

5

*Black Lives Matter Seattle-King Cty. v. City of Seattle, Seattle Police Dep't*,
   No. 2:20-CV-00887-RAJ, 2021 WL 289334 (W.D. Wash. Jan. 28, 2021) ............................ 12

6

7

*Blum v. Stenson*,
   465 U.S. 886 (1984) ........................................................................................ 13

8

*Californians for Disability Rights v. Cal. Dep't of Transp.*,
   No. C 06-5125 SBA, Dkt. Nos. 528, 529 (N.D. Cal.) ........................................... 11

9

10

*Chabner v. United of Omaha Life Ins. Co.*,
   No. C-95-0447-MHP, 1999 WL 33227443 (N.D. Cal. Oct. 12, 1999) .................................... 8

11

*Chuong Van Pham v. City of Seattle, Seattle City Light*,
   159 Wash.2d 527 (2007) .................................................................................... 7

12

13

*City of Riverside v. Rivera*,
   477 U.S. 561 (1986) ........................................................................................ 13

14

*Cmty. Res. For Indep. Living v. Mobility Works of Cal.*,
   No. 18-CV-06012-JSW, 2020 WL 10505223 (N.D. Cal., May 22, 2020) ............................ 11

15

16

*Cole v. Cty. of Santa Clara*,
   No. 16-CV-06594-LHK, Dkt. No. 86 (N.D. Cal. Mar. 21, 2019) ........................................ 11

17

*Dang v. Cross*,
   422 F.3d 800 (9th Cir. 2005) ........................................................................... 14

18

19

*Davis v. City & Cty. of S.F.*,
   976 F.2d 1536 (9th Cir. 1992) ........................................................................... 12

20

*Davis v. City & Cty. of S.F.*,
   984 F.2d 345 (9th Cir. 1993) ........................................................................... 12

21

22

*Democratic Party of Wash. State v. Reed*,
   388 F.3d 1281 (9th Cir. 2004) ........................................................................... 9

23

*Ferland v. Conrad Credit Corp.*,
   244 F.3d 1145 (9th Cir. 2001) ........................................................................... 8

24

25

*Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*,
   886 F.2d 1545 (9th Cir. 1989) ........................................................................... 9

26

27

28

*G.F. v. Contra Costa Cty.*,
  No. 3:13-cv-03667-MEJ, Dkt. No. 307 (N.D. Cal. Nov. 25, 2015) ....................... 11

*Gray v. Golden Gate Nat'l Recreation Area*,
  No. 3:14-cv-00511, Dkt. No. 26 (N.D. Cal. July 10, 2014) ..................................... 11

*Harris v. Marhoefer*,
  24 F.3d 16 (9th Cir. 1994) ...................................................................................... 13

*Hasbrouck v. Texaco, Inc.*,
  879 F.2d 632 (9th Cir. 1989) ..................................................................................... 8

*Hensley v. Eckerhart*,
  461 U.S. 424 (1983).......................................................................................... 2, 6, 7

*Herrington v. County of Sonoma*,
  883 F.2d 739 (9th Cir.1989) ...................................................................................... 6

*Hicks v. Toys 'R' Us-Delaware, Inc.*,
  No. CV13-1302-DSF (JCGx), 2014 WL 4670896 (C.D. Cal. Sept. 2, 2014) ....... 13

*Kohler v. Eddie Bauer LLC*,
  792 F. App'x 446 (9th Cir. 2019) ........................................................................... 13

*Morales v. City of San Rafael*,
  108 F.3d 981 (9th Cir. 1997) ..................................................................................... 7

*Morales v. City of San Rafael*,
  96 F.3d 359 (9th Cir. 1996) ....................................................................................... 7

*Moreno v. City of Sacramento*,
  534 F.3d 1106 (9th Cir. 2008) ................................................................................... 8

*Nat'l Fed'n of the Blind v. Uber Techs., Inc.*,
  3:14-cv-04086 NC, Dkt. Nos. 139, 144, 193 (N.D. Cal.) ...................................... 11

*Nat'l Fed'n of the Blind v.Target Corp.*,
  No. C 06-01802 MHP, 2009 WL 2390261 (N.D. Cal. Aug. 3, 2009)..................... 11

*Nat'l Org. for Women v. Bank of Cal., Nat'l Ass'n.*,
  680 F.2d 1291 (9th Cir. 1982) ................................................................................. 13

*Newman v. Piggie Park Enters., Inc.*,
  390 U.S. 400 (1968)................................................................................................... 6

*Perdue v. Kenny A. ex rel. Winn*,
  559 U.S. 542 (2010)............................................................................................. 7, 10

*Prison Legal News v. Schwarzenegger*,
  608 F.3d 446 (9th Cir. 2010) ................................................................................... 12

Plaintiff's Motion for Attorney's Fees and Costs
No. 2:20-cv-658-RAJ
iii

Disability Rights Advocates
20001 Center St., 4th Floor
Berkeley, CA 94704
(510) 529-3412

Washington Civil and
Disability Advocate
4115 Roosevelt Way NE,
Ste B, Seattle, WA 98105
(206) 428-3172

*San Pedro Hotel Co. v. City of Los Angeles*,
    159 F.3d 470 (9th Cir. 1998) ................................................................................... 6

*Silver Sage Partners, Ltd. v. City of Desert Hot Springs*,
    251 F.3d 814 (9th Cir. 2001) ................................................................................... 6

*Steele v. Lundgren*,
    96 Wash. App. 773 (1999) ....................................................................................... 8

*Thompson v. Gomez*,
    45 F.3d 1365 (9th Cir. 1995) ................................................................................... 8

**Statutes**

42 U.S.C. § 3602(o) ....................................................................................................... 6

42 U.S.C. § 3613(c)(2) ................................................................................................... 5

RCW 49.60.030(2) .......................................................................................................... 5

Plaintiff's Motion for Attorney's Fees and Costs
No. 2:20-cv-658-RAJ
iv

Disability Rights Advocates
20001 Center St., 4th Floor
Berkeley, CA 94704
(510) 529-3412

Washington Civil and
Disability Advocate
4115 Roosevelt Way NE,
Ste B, Seattle, WA 98105
(206) 428-3172

1

**NOTICE OF MOTION AND MOTION**

2      PLEASE TAKE NOTICE THAT on the date noted above, Plaintiff Tony Roque will

3  move this Court for entry of an order awarding $150,000 in reasonable attorneys' fees to

4  Plaintiff, as well as reasonable costs, in accordance with settlement terms that Plaintiff and

5  Defendant put on the record before this Court on July 14, 2021.

6      This motion is based on this Notice of Motion and Motion, the accompanying

7  Memorandum of Points and Authorities, the concurrently filed declarations and exhibits, all

8  pleadings and papers on file in this action, and any oral argument this Court permits.

9

**MEMORANDUM OF POINTS AND AUTHORITIES**

10  **I.    INTRODUCTION**

11      Mr. Roque relies on caregivers to bathe him, cook for him, shop for him, reposition him,

12  give him medications, help him use the restroom, and otherwise do "everything that . . . a human

13  being needs," and he uses every one of the 16 hours of daily care the state allots him. ECF No.

14  53-2 (Mohamud Dep.) at 42:5-11; ECF No. 53-1 (Roque Dep.) at 19:22-20:11, 52:13-53:6, 56:8-

15  23; 94:15-94:25; 107:3-110:2. Without the simple and necessary accommodation Mr. Roque

16  requested in this case—a single parking space in the garage of his home—the quantity and

17  quality of care Mr. Roque could receive was drastically diminished, and there was a real risk he

18  would not be able to remain in his home at all. *See* ECF No. 53 at 6-7 (discussing need for care,

19  and harm caused by refusal to provide Mr. Roque with parking).

20      Mr. Roque's settlement with the Seattle Housing Authority provides him with a reserved

21  parking space in the Raven Terrace garage that his caregivers can use. Declaration of Thomas

22  Zito in Support of Motion for Attorneys' Fees ("Zito Decl."), Ex. Q, Tr. Settlement Hearing,

23  March 26, 2021, at 3:25-4:5, 8:10-20. In this way, the settlement ensures that Mr. Roque can take

24  full advantage of the limited care hours allotted to him, and reduces the risk that his caregivers

25  will be injured in a way that compromises his ability to receive care in his home. The settlement

26  also provides Mr. Roque with $15,000 in financial compensation for the physical and

27

28

Plaintiff's Motion for Attorney's Fees and Costs
No. 2:20-cv-658-RAJ
1

Disability Rights Advocates
20001 Center St., 4th Floor
Berkeley, CA 94704
(510) 529-3412

Washington Civil and
Disability Advocate
4115 Roosevelt Way NE,
Ste B, Seattle, WA 98105
(206) 428-3172

1  psychological harm he suffered when Defendant refused his requested accommodation. These
2  terms encompass the main relief Mr. Roque wanted when he filed suit.

3      Having achieved this excellent result, Mr. Roque now respectfully requests that the Court
4  award him $150,000 in attorneys' fees, as well as reasonable costs. *See Hensley v. Eckerhart*,
5  461 U.S. 424, 435-36 (1983) (the "most critical factor" in determining whether a plaintiff should
6  receive "a fully compensatory fee" is "the degree of success obtained"). While this requested
7  $150,000 fee amount represents the top of the Parties' negotiated range, it is far less than the full
8  $289,464.50 lodestar for Plaintiff's counsel in this case, and thus eminently reasonable –
9  particularly because most of the fees incurred were a direct result of Defendant's refusal to
10  stipulate to a preliminary injunction, and its decision to aggressively litigate this case.

11  **II.**     **FACTS**

12      **A.**     **Plaintiff Tony Roque sought a simple accommodation, and this case could
         easily have been resolved without a lawsuit.**

13
14      Mr. Roque should never have had to file this case at all. As the record reflects, and as
15  Defendant has acknowledged, ECF No 52 at 3:7-8, Mr. Roque's caregivers were permitted to
16  park in the Raven Terrace garage and did so without incident for over two years, from the time
17  Mr. Roque moved to Raven Terrace in February of 2018 until March of 2020. Mohamud Dep. at
18  48:2-13 (ECF No. 53-2).

19      After the Seattle Housing Authority abruptly rescinded the parking permit allowing his
20  caregivers to park in the Raven Terrace garage in March 2020, Mr. Roque repeatedly reached out
21  to Raven Terrace staff to request that they once again be permitted to park in the garage of his
22  home as a reasonable accommodation. *See* ECF No. 2 at 4-6 (discussing these requests, and
23  citing to substantiating exhibits). Given Mr. Roque's clear need, the simple nature of his
24  requested accommodation, and the Seattle Housing Authority's two-year history of having
25  provided it, these requests should have been sufficient. Had the Seattle Housing Authority
26  simply granted Mr. Roque's reasonable request and reinstated his caregivers' parking permits,

27
28
Disability Rights Advocates
20001 Center St., 4th Floor
Berkeley, CA 94704
(510) 529-3412     Washington Civil and
Disability Advocate
4115 Roosevelt Way NE,
Ste B, Seattle, WA 98105
(206) 428-3172

there would have been no need for Plaintiff's counsel to incur attorneys' fees at all.

**B.      The Seattle Housing Authority refused Mr. Roque's request and chose to litigate this case aggressively, increasing costs.**

Unfortunately, the Seattle Housing Authority chose to deny Mr. Roque's repeated requests for accommodation, and to disregard supporting documentation from his doctor about why the accommodation was necessary. *See* ECF No. 2 at 4-6. On April 20, 2020 Defendant formally denied Mr. Roque's request, improperly misconstruing it as an accommodation intended solely for the benefit of his caregiver, even though Defendant's denial letter itself acknowledged that Mr. Roque had explained that having parking his caregivers could use was necessary for **him** "to receive efficient and timely care." *See id.; see also* ECF No. 6-1, Exhibit E (Denial Letter).

The following day, counsel for Plaintiff called the Seattle Housing Authority, expecting that this matter could be easily resolved and that Defendant would agree to once again provide Mr. Roque with parking for his caregivers' use, as it had already done for the past two years. Reynoldson Decl. ¶ 29; ECF No. 6-1, Exhibit H (April 30, 2020 email memorializing this conversation and Defendant's refusal to provide the requested accommodation).  However, Defendant refused to reverse course, thus necessitating this lawsuit. *See id.*

Once this case began, Defendant Seattle Housing Authority chose to litigate it aggressively, greatly (and unnecessarily) increasing costs. For example, Defendant refused to stipulate to entry of a preliminary injunction that would provide Mr. Roque with parking at Raven Terrace while this case proceeded – though Judge Jones had already granted and extended a Temporary Restraining Order requiring that parking, and the United States had filed a brief in support of Plaintiff's legal position. ECF No. 14 (Temporary Restraining Order); ECF Nos. 29 & 37 (Orders Modifying TRO); ECF No. 31 (Stmt. of Interest of the United States of America)**;** Reynoldson Decl**.** at ¶ 34 and Ex. G.  (emails between Plaintiff's counsel and Defendant regarding proposed stipulation and refusal). As a consequence, Plaintiff's counsel was forced to

Disability Rights Advocates
20001 Center St., 4th Floor
Berkeley, CA 94704
(510) 529-3412

Washington Civil and
Disability Advocate
4115 Roosevelt Way NE,
Ste B, Seattle, WA 98105
(206) 428-3172

1 | expend significant time on discovery, briefing, and other work related to their requested

2 | preliminary injunction, every bit of which could have been avoided if Defendant had simply

3 | agreed to the reasonable stipulation they requested. *See* ECF Nos. 52, 53, 55.

4 |       Similarly, the Housing Authority refused to engage in any settlement discussions until it

5 | had deposed Mr. Roque and his caregiver Ms. Mohamud – thus delaying a negotiated resolution

6 | of this matter, forcing Plaintiff's counsel to spend time preparing for and defending each

7 | deposition, and increasing costs. Reynoldson Decl**.** at ¶ 34 and Exs. H-I.

8 |       While Mr. Roque appreciates the Housing Authority's eventual willingness to seriously

9 | discuss settlement in this matter, the plain fact is that it came to those discussions only after

10 | forcing Plaintiff to engage in a significant amount of discovery and motion practice that—but for

11 | its stubborn refusal to come to the table sooner—would not have been necessary.

12 |       **C.**     <u>**Mr. Roque's settlement with the Seattle Housing Authority achieves**</u>

13 | <u>**everything he sought when filing suit.**</u>

14 |       When Mr. Roque filed suit, he sought the following relief: "an injunction requiring SHA

15 | to permit Mr. Roque's care provider and visiting nurses full and unrestricted access to Raven

16 | Terrace Parking garage as is necessary to provide Mr. Roque care. . . .  [and] Actual and

17 | Compensatory Damages" as well as costs and attorneys' fees. *See* Compl., ECF No. 1, § XI,

18 | Prayer for Relief, ¶¶ 3, 4(a); First Amended Compl. ("FAC"), ECF No. 48 § XI, Prayer for

19 | Relief, ¶¶ 4, 5(a)–(b). Though his settlement with the Seattle Housing Authority, Mr. Roque will

20 | receive every bit of this requested relief.

21 |       Under this settlement, the Temporary Restraining Order entered on May 4, 2020 and

22 | modified by Judge Jones on June 2, 2020 and June 17, 2020 will "remain permanent." Zito Decl.

23 | Ex. Q (Tr. Settlement Hearing, March 26, 2021) at 3:25-4:5, 8:10-20.  This order prohibits SHA

24 | from "[t]owing, ticketing, or otherwise prohibiting Tony Roque's care provider, Fatuma

25 | Mohamud, and visiting nurses from parking in the parking garage at Raven Terrace." ECF No.

26 | 14. It also requires SHA to "provide Mr. Roque with one reserved parking spot, to be shared by

27 |

28 |

---

Plaintiff's Motion for Attorney's Fees and Costs
No. 2:20-cv-658-RAJ
4

Disability Rights Advocates
20001 Center St., 4th Floor
Berkeley, CA 94704
(510) 529-3412

Washington Civil and
Disability Advocate
4115 Roosevelt Way NE,
Ste B, Seattle, WA 98105
(206) 428-3172

1  Mr. Roque's caregivers[,]" "permit Plaintiff's caregivers to use reserved staff parking every

2  weekend from 6:00 PM Friday to 6:00 AM Monday, if Plaintiff's reserved spot is unavailable[,]"

3  and "place a sign over Plaintiff's reserved parking space, indicating that the space is reserved

4  pursuant to court order in Case No. 2:20-cv-00658-RAJ. The sign must be at least 3 feet by 3 feet

5  in dimension, and include a warning that violators will be towed." ECF Nos. 29 & 37 (Orders

6  Modifying TRO). Together, these settlement terms provide Mr. Roque with all of the injunctive

7  relief he was seeking in this action.

8         Pursuant to Mr. Roque's settlement with Defendant Seattle Housing Authority, the

9  Authority has also agreed to pay Mr. Roque $15,000 to settle the damages portion of his claim.

10 Zito Decl. Ex. R  (Tr. Settlement Hearing, April 30, 2021) at 10:19-11:4.

11         Finally, the Authority has agreed to pay Mr. Roque's attorneys' fees of "no less than ten

12 thousand dollars and no more than one hundred and fifty thousand dollars," with the exact

13 amount within that range to be determined by this Court. Zito Decl. Ex. S  (Tr. Settlement

14 Hearing, July 14, 2021) at 5:18-6:10. Though Defendant may contest the amount of attorneys'

15 fees that it is reasonable for Mr. Roque to recover, it will not contest Mr. Roque's entitlement to

16 recover reasonable fees. *Id*.

17         Together, these terms encompass the core relief Mr. Roque wanted when he filed suit,

18 meaning that Mr. Roque has achieved a high degree of success in this case, and is entitled

19 receive a fully compensatory fee award: here, the $150,000 maximum that the Parties' agreement

20 allows.

21 **III.   ARGUMENT**

22         **A.  <u>Mr. Roque is entitled to recover his reasonable attorneys' fees, and
              Defendant has agreed not to contest this entitlement.</u>**

23 Under 42 U.S.C. § 3613(c)(2), the prevailing party in a suit under the Fair Housing

1    Amendments Act is entitled to an award of reasonable attorneys' fees.[1] 42 U.S.C. § 3613(c)(2);

2    *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 479 (9th Cir. 1998). Because the

3    language of this statute is "almost identical" to that used in 42 U.S.C. § 1988, courts can and do

4    look to cases concerning either statute when determining whether an award is proper. *Silver Sage*

5    *Partners, Ltd. v. City of Desert Hot Springs*, 251 F.3d 814, 826 n.15 (9th Cir. 2001); *see also* 42

6    U.S.C. § 3602(o) (defining "prevailing party" in accordance with 42 U.S.C. § 1988).

7          Such fee-shifting provisions are intended "to ensure effective access to the judicial

8    process for persons with civil rights grievances." *See Hensley*, 461 U.S. at 429 (internal

9    quotation marks omitted). As the Supreme Court has recognized, "[i]f successful plaintiffs were

10   routinely forced to bear their own attorneys' fees, few aggrieved parties would be in a position to

11   advance the public interest by invoking the injunctive powers of the federal courts." *Newman v.*

12   *Piggie Park Enters., Inc.*, 390 U.S. 400, 402 (1968) (per curiam). Thus, in civil rights actions

13   such as this one, recovery of a reasonable fee award is "the rule rather than the exception."

14   *Herrington v. County of Sonoma*, 883 F.2d 739, 743 (9th Cir.1989) (order) (internal quotation

15   marks omitted); *see also Hensley*, 461 U.S. at 429 (prevailing civil rights plaintiffs "should

16   ordinarily recover" their attorneys' fees "unless special circumstances would render such an

17   award unjust").

18         Because Mr. Roque has obtained a "legally enforceable settlement agreement against" the

19   Seattle Housing Authority and agreed that this Court would retain jurisdiction to decide the issue

20   of attorneys' fees, he is the "prevailing party" for the purposes of the Fair Housing Act. *See*

21   *Barrios v. Cal. Interscholastic Fed'n*, 277 F.3d 1128, 1134 (9th Cir. 2002) (agreement that court

22   would "retain jurisdiction over the issue of attorneys' fees" provides "sufficient judicial

23   oversight to justify an award of attorneys' fees and costs"). However, this Court need not reach

24

---

25   [1]      Similarly, the Washington Law Against Discrimination entitles a prevailing plaintiff to
     recover the "cost of suit[,] including reasonable attorneys' fees." RCW 49.60.030(2). Because
26   Mr. Roque's state law entitlement to fees is substantially the same as his federal one, this motion
     will focus on applicable federal law.
27

28   | Plaintiff's Motion for Attorney's Fees and Costs | Disability Rights Advocates | Washington Civil and |
     |---|---|---|
     | No. 2:20-cv-658-RAJ | 20001 Center St., 4th Floor | Disability Advocate |
     | 6 | Berkeley, CA 94704 | 4115 Roosevelt Way NE, |
     | | (510) 529-3412 | Ste B, Seattle, WA 98105 |
     | | | (206) 428-3172 |

1    the issue of Mr. Roque's "prevailing party" status to determine Mr. Roque's entitlement to

2    reasonable fees, because Defendant has agreed not to contest the issue. Tr. Settlement Hearing,

3    July 14, 2021 at 6:7-10.

4          **A.**    **Plaintiff Roque achieved an excellent result in this case, and the settlement**
                **will help ensure he has the care he needs to stay in his home.**

5

6          The Supreme Court has held that "the degree of success obtained" by a plaintiff is the

7    "most critical factor" in determining whether they should receive "a fully compensatory

8    fee." *Hensley*, 461 U.S. at 435-36. In securing the settlement in this case, Mr. Roque prevailed

9    on his claims and got exactly what he wanted when filing: a reserved parking place that his

10   caregivers can use, the corresponding assurance that he can continue to receive the full amount

11   of care he needs to stay in his own home, and monetary compensation for the harm he suffered

12   as a consequence of Defendant's conduct. *See* § II(C), above. These facts weigh heavily in favor

13   of finding Plaintiff's requested fee award is reasonable. *See Hensley*, 461 U.S. at 435-36.

           **B.**    **Plaintiff's full lodestar is the presumptively-reasonable fee, and the**
14              **negotiated fee cap of $150,000 is a significant reduction from this amount.**

15         Plaintiffs' full lodestar, calculated by multiplying the number of hours Plaintiffs

16   reasonably expended on the litigation by their reasonable hourly rate, is the presumptively

17   reasonable attorneys' fee. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010);

18   *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996), *amended by* 108 F.3d 981 (9th

19   Cir. 1997). This amount—currently **$289,464.50**—is far more than the agreed-upon $150,000

20   fee cap in this case, thus reinforcing the reasonableness of that jointly negotiated smaller sum.[2]

21

22   ―――――――――――――――――
     [2]     Under the Washington Law Against Discrimination, Plaintiff Roque is also entitled to an
23   upward adjustment of this lodestar amount, in recognition of the "contingent nature of success
     and the quality of work performed." *Chuong Van Pham v. City of Seattle, Seattle City Light,* 159
     Wash.2d 527, 541-43 (2007).
24
           Because Plaintiff's lodestar is already well in excess of the agreed fee cap of $150,000,
25   such an adjustment would likely have little effect here; however, if this Court is inclined to
     reduce Plaintiff's lodestar below $150,000, Plaintiff respectfully requests a lodestar adjustment
26   that would bring the reasonable fee award up to that capped amount, in view of the contingent
     nature of success in this action, the risks inherent in litigating it, the quality of the work

27

28   | Plaintiff's Motion for Attorney's Fees and Costs | Disability Rights Advocates | Washington Civil and |
     |---|---|---|
     | No. 2:20-cv-658-RAJ | 20001 Center St., 4th Floor | Disability Advocate |
     | 7 | Berkeley, CA 94704 | 4115 Roosevelt Way NE, |
     | | (510) 529-3412 | Ste B, Seattle, WA 98105 |
     | | | (206) 428-3172 |

1    "[T]he award of fees should cover 'every item of service which, at the time rendered,

2    would have been undertaken by a reasonably prudent lawyer to advance or protect his client's

3    interest' in the case at bar." *Armstrong v. Davis*, 318 F.3d 965, 971 (9th Cir. 2003) (quoting

4    *Hasbrouck v. Texaco, Inc.*, 879 F.2d 632, 638 (9th Cir. 1989).

5         As the Ninth Circuit has recognized, lawyers have little incentive to "spend unnecessary

6    time" on civil rights cases taken on contingency (as this one was), and in considering such cases,

7    "the court should [generally] defer to the winning lawyer's professional judgment as to how

8    much time [they were] required to spend."[3] *See Moreno v. City of Sacramento*, 534 F.3d 1106,

9    1112 (9th Cir. 2008).

10        Plaintiff's counsel devoted a total of 868.2 hours to this action through July 31, 2021 –

11   most of which were necessitated by Defendant's refusal to stipulate to entry of a preliminary

12   injunction, and its choice to aggressively litigate this case. *See* § II(B), above.  This includes fees

13   for work related to the present motion, for which Plaintiff Roque is entitled to full compensation.

14   *See Thompson v. Gomez*, 45 F.3d 1365, 1366 (9th Cir. 1995); *Steele v. Lundgren*, 96 Wash. App.

15   773, 781-82 (1999).

16        In an effort to present the most conservative fee petition possible, Plaintiff's counsel has

17   exercised billing discretion to "no charge" a significant amount of this time and remove it from

18   their lodestar calculation. Disability Rights Advocates (DRA) has "no charged" 56.1 hours of its

19   time (nearly 20% of the time spent on this action by DRA attorneys), resulting in an 18.8%

20   reduction of DRA's firm-specific lodestar. Zito Decl at ¶¶ 34, 41-45 and Exs. A-B. Similarly,

21   Washington and Civil Disability Advocate (WACDA) has "no charged" 95.4 hours (or roughly

22   _____

23   performed, and the excellent results achieved. Zito Decl, ¶¶ 50-56. The Washington Supreme
     Court has held, the Washington Law Against Discrimination "places a premium on encouraging
24   private enforcement and [. . . ] the possibility of a multiplier works to encourage civil rights
     attorneys to accept difficult cases." *Chuong Van Pham*, 159 Wash.2d at 542.

25   [3]     In determining what was reasonable, courts are also mindful that there are "crucial
     differences between prosecuting and defending a case." *Chabner v. United of Omaha Life Ins.*
26   *Co.*, No. C-95-0447-MHP, 1999 WL 33227443, *3 (N.D. Cal. Oct. 12, 1999); *see also Ferland*
     *v. Conrad Credit Corp.*, 244 F.3d 1145, 1151 (9th Cir. 2001) (per curiam) (detailing differences).

27

28   | Plaintiff's Motion for Attorney's Fees and Costs | Disability Rights Advocates | Washington Civil and |
     |---|---|---|
     | No. 2:20-cv-658-RAJ | 20001 Center St., 4th Floor | Disability Advocate |
     | 8 | Berkeley, CA 94704 | 4115 Roosevelt Way NE, |
     |   | (510) 529-3412 | Ste B, Seattle, WA 98105 |
     |   |   | (206) 428-3172 |

1  16% of all time spent by WACDA staff on this case), resulting in a 16.3% reduction to

2  WACDA's firm-specific lodestar. Reynoldson Decl. ¶¶ 49-50 and Ex. A.

3       A further discussion of these reductions and their rationale is included in the declarations

4  of Plaintiff's counsel filed in support of this motion. *See* Zito Decl. at ¶¶ 34, 41-44, *id.* at Exs. A

5  & B; Reynoldson Decl. at ¶¶ 49-50 and Ex. A. A table summarizing each firm's total fees

6  incurred, the amount reduced, and the resulting reasonable lodestar is below:

| Firm | Total Fees Incurred | Amount Reduced | % Reduction | Lodestar |
|------|---------------------|----------------|-------------|----------|
| DRA | $ 135,128.00 | $ 25,433.50 | -18.82% | $ 109,694.50 |
| | | | | |
| WACDA | $ 215,125.00 | $ 35,355.00 | -16.43% | $ 179,770.00 |
| | | | | |
| | | | Total | $ 289,464.50 |

12       Plaintiff's **$289,464.50** lodestar amount does not include the "no charged" hours

13  discussed above, and the calculated amount thus represents a roughly 17% reduction from what

14  would otherwise have been billed. [4]

15       The remaining hours all encompass items of service that "at the time rendered, would

16  have been undertaken by a reasonably prudent lawyer to advance or protect" Mr. Roque's

17  interest; they are thus properly part of the lodestar calculation, and should be fully compensated

18  at Plaintiff's requested rates. *See Armstrong*, 318 F.3d at 971. This is particularly true because

19  much of the work reflected in entries was a direct consequence of Defendant's aggressive

20  litigation decisions, and its unwillingness to even discuss settlement until after Mr. Roque and

21  his caregiver had been deposed and the motion for preliminary injunction was fully briefed. *See*

22  § II(B), above. As the Ninth Circuit has repeatedly held, a defendant who "play[s] hardball in

23  contesting [plaintiffs'] claims," should "bear the cost of" the additional time required to defend

24  against an "obstructionist strategy." *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 886 F.2d

---

26  [4]      Without these reductions, Plaintiff's full lodestar would have been far higher:
27  $350,253.00.

Plaintiff's Motion for Attorney's Fees and Costs
No. 2:20-cv-658-RAJ
9

Disability Rights Advocates
20001 Center St., 4th Floor
Berkeley, CA 94704
(510) 529-3412

Washington Civil and
Disability Advocate
4115 Roosevelt Way NE,
Ste B, Seattle, WA 98105
(206) 428-3172

1545, 1557 (9th Cir. 1989); *see also Democratic Party of Wash. State v. Reed*, 388 F.3d 1281, 1287 (9th Cir. 2004).

Because the $150,000 amount that Plaintiff's counsel requests here is in effect a **nearly 50%** reduction from Plaintiff's full **$289,464.50** lodestar—which itself reflects significant reductions, as discussed above—this Court should find that the requested amount is reasonable, and award it in full.

**C.**   **The standard hourly rates for Plaintiffs' counsel are reasonable, and in line with prevailing market rates in this district.**

Plaintiff's counsel seeks compensation for their work on this case at the following 2021[5] hourly rates:

| Name | Position and Firm | Grad. Year / Years of Practice[6] | 2021 Rate |
|---|---|---|---|
| Thomas Zito | Supervising Attorney (DRA) | 2010 (11 years) | $545 |
| Conrad Reynoldson | Lead Attorney (WACDA) | 2014 (7 years) | $400 |
| Sean Betouliere | Staff Attorney (DRA) | 2015 (6 years) | $445 |
| Bonnie Fong | Associate (WACDA) | 2016 (4 years) | $350 |
| Jill Sulzberg | Associate (WACDA) | 1996 (9 years) | $300 |
| Christina Dunbar | Associate (WACDA) | 2015 (5 years) | $300 |
| Maris McConaughey | Associate (WACDA) | 2020 (1 year) | $300 |
| Marielle Maxwell | Associate (WACDA) | 2018 (3 years) | $300 |
| Various | Paralegal (WACDA) | N/A | $100 |

Plaintiff's counsel Disability Rights Advocates (DRA) has successfully litigated hundreds of disability rights class action and impact cases across the country, and is generally

---

[5] During the pendency of this matter, Plaintiff's counsel has not received a penny in fees, despite having devoted hundreds of hours to the case. To account for this delay in payment, Plaintiff is entitled to compensation at his counsel's current hourly rates. *Perdue*, 559 U.S. at 556 (explaining that compensation for delayed payment "is generally made either by basing [an] award on current rates or by adjusting the fee based on historical rates to reflect its present value") (internal quotation marks omitted).

[6]      For associates at WACDA, "Years of Practice" reflects years of practice as of the last time entry billed to this case.

Plaintiff's Motion for Attorney's Fees and Costs
No. 2:20-cv-658-RAJ
10

Disability Rights Advocates
20001 Center St., 4th Floor
Berkeley, CA 94704
(510) 529-3412

Washington Civil and
Disability Advocate
4115 Roosevelt Way NE,
Ste B, Seattle, WA 98105
(206) 428-3172

1   acknowledged to be one of the nation's leading law firms of any sort practicing in the area of

2   disability rights. Zito Decl., ¶¶ 2-5.  In recognition of this skill and experience, courts in

3   California have routinely approved DRA's standard rates as reasonable, and awarded hourly

4   rates to DRA attorneys – including Mr. Zito and Mr. Betouliere – that are commensurate to those

5   awarded to or charged by attorneys at other top-tier firms.[7] *See* Zito Decl., ¶ 16.  Both Mr. Zito

6   and Mr. Betouliere have extensive experience litigating class action and impact cases, and a long

7   track record of success. Zito Decl., ¶¶ 6-14.

8       Mr. Reynoldson has been practicing for over seven years. Reynoldson. Decl., ¶¶ 9-13.

9   The nonprofit he founded and runs, Washington and Civil Disability Advocate (WACDA), has

10   filed and successfully concluded over 150 cases in that time, along with a significant number of

11   matters that were successfully resolved through negotiation before a suit was filed. Reynoldson.

12   Decl., ¶¶ 24-28   Mr. Reynoldson was awarded a 2018 rate of $335 per hour in *Brown et al v.*

13   *Seattle Theatre Group*, 2:17-cv-00939 (W.D. Wa.), when he had substantially less experience

14   than he does now. Reynoldson. Decl., ¶ 35.

15       The 2021 rates sought by Plaintiff's counsel in this case are reasonable, and in line with

16   what other highly-skilled attorneys and firms in the Seattle area charge and are awarded for

17

18

19   ————————————
     [7]    *See, e.g., Cmty. Res. For Indep. Living v. Mobility Works of Cal.*, No. 18-CV-06012-
20   JSW, 2020 WL 10505223, *2 (N.D. Cal., May 22, 2020) (awarding 2020 rates, including $525
     for Thomas Zito, $425 for Sean Betouliere, $275 for paralegals, and $230 for litigation
21   assistants); *Cole v. Cty. of Santa Clara*, No. 16-CV-06594-LHK, Dkt. No. 86 (N.D. Cal. Mar. 21,
     2019) (awarding 2018 rates, including $525 for an attorney with eight years of experience, and
22   $425 for an attorney with five years of experience); *see also Nat'l Fed'n of the Blind v. Uber
     Techs., Inc.*, 3:14-cv-04086 NC, Dkt. Nos. 139, 144, 193 (N.D. Cal.) (approving DRA's 2016
23   rates); *G.F. v. Contra Costa Cty.*, No. 3:13-cv-03667-MEJ, Dkt. No. 307 (N.D. Cal. Nov. 25,
     2015) (approving settlement fees based on 2014 rates); *Gray v. Golden Gate Nat'l Recreation*
24   *Area*, No. 3:14-cv-00511, Dkt. No. 26 (N.D. Cal. July 10, 2014) (finding requested rates
     reasonable to support negotiated lodestar); *Californians for Disability Rights v. Cal. Dep't of*
25   *Transp.*, No. C 06-5125 SBA, Dkt. Nos. 528, 529 (N.D. Cal.) (finding 2010 rates reasonable);
     *Nat'l Fed'n of the Blind v.Target Corp.*, No. C 06-01802 MHP, 2009 WL 2390261 (N.D. Cal.
26   Aug. 3, 2009) (finding 2008 rates reasonable).

27

28   | Plaintiff's Motion for Attorney's Fees and Costs | Disability Rights Advocates | Washington Civil and |
     | No. 2:20-cv-658-RAJ | 20001 Center St., 4th Floor | Disability Advocate |
     | 11 | Berkeley, CA 94704 | 4115 Roosevelt Way NE, |
     |  | (510) 529-3412 | Ste B, Seattle, WA 98105 |
     |  |  | (206) 428-3172 |

1  similarly-complex work, as experienced Seattle-area litigators Victoria Vreeland, and Jesse Wing

2  explain in their supporting declarations. *See* Vreeland Decl., ¶¶ 13-24; Wing Decl., ¶¶ 13-18.

3      Indeed, Judge Jones—who was previously the presiding judge in this matter—awarded

4  rates far higher than these earlier this year in an action alleging violations of § 1983, to attorneys

5  who in many cases were less experienced than Plaintiff's counsel. *See Black Lives Matter*

6  *Seattle-King Cty. v. City of Seattle, Seattle Police Dep't*, No. 2:20-CV-00887-RAJ, 2021 WL

7  289334, *8 (W.D. Wash. Jan. 28, 2021) (awarding rate of $420 to associates with between one

8  and four years of experience, and $625 to a partner with 10 years).

9      As discussed in more detail in Thomas Zito's supporting declaration, though Mr. Zito has

10 more years of experience than the partner to whom Judge Jones awarded a rate of $625, the rate

11 he seeks is $80 per hour less. Zito Decl., ¶¶ 15, 20-21. Similarly, two of the associates awarded a

12 rate of $420 went to the same school as Mr. Betouliere—Berkeley Law—and had 5 and 2 years

13 less experience than he does, respectively, during the time period for which they were awarded

14 that rate. Zito Decl., ¶¶ 20, 22. These awarded rates are also far higher than those sought for Mr.

15 Reynoldson or any of the associates at WACDA, thus supporting the reasonableness of those

16 requested rates.

17     Other Western District and Washington state court fee decisions also support the

18 reasonableness of these requested rates, as discussed in the supporting declarations of Ms.

19 Vreeland, Mr. Wing, and Mr. Zito. *See* Vreeland Decl., ¶¶ 19-21; Wing Decl., ¶¶ 14, 17; Zito

20 Decl., ¶¶ 19-27.

21     When determining whether requested rates are reasonable, courts judge them in

22 comparison to rates charged by other "lawyers of reasonably comparable skill, experience, and

23 reputation" in the relevant community – here, the Seattle area. *Davis v. City & Cty. of S.F.*, 976

24 F.2d 1536, 1545-46 (9th Cir. 1992), opinion vacated in part on unrelated grounds on denial of

25 reh'g, 984 F.2d 345 (9th Cir. 1993); *see also Prison Legal News v. Schwarzenegger*, 608 F.3d

26 446, 455 (9th Cir. 2010). In making this comparison, courts must look not only to the rates

27

28
Plaintiff's Motion for Attorney's Fees and Costs
No. 2:20-cv-658-RAJ
12                                    Disability Rights Advocates
                                      20001 Center St., 4th Floor
                                      Berkeley, CA 94704
                                      (510) 529-3412                 Washington Civil and
                                                                     Disability Advocate
                                                                     4115 Roosevelt Way NE,
                                                                     Ste B, Seattle, WA 98105
                                                                     (206) 428-3172

1   charged by or awarded to other civil rights attorneys and non-profit organizations, but also to the

2   rates that **private** attorneys of comparable skill charge or are awarded. *Davis*, 976 F.2d at 1545-

3   46. This is because "Congress did not intend the calculation of fee awards to vary depending on

4   whether plaintiff was represented by private counsel or by a nonprofit legal services

5   organization." *Blum v. Stenson,* 465 U.S. 886, 894 (1984).

6         Similarly, rates in a civil rights matter such as this should not be reduced based on a false

7   premise that civil rights litigation is simpler or less worthy of compensation than other forms of

8   complex legal work. As the Supreme Court held in *City of Riverside v. Rivera*: "Congress made

9   clear that it intended that the amount of fees awarded under [§ 1988] be governed by **the same**

10  **standards which prevail in other types of equally complex Federal litigation, such as**

11  **antitrust cases** and *not be reduced because the rights involved may be nonpecuniary in nature.*"

12  477 U.S. 561, 575 (1986) (emphasis added) (quotation marks omitted) (italics in original).

13        As Mr. Zito explains in his declaration, the rates sought by Plaintiff's counsel here are in

14  line with those charged in the Seattle area by firm attorneys doing similarly complex work, as

15  reported in the 2020 Real Rate Report[8]—thus further supporting the reasonableness of the

16  requested rates. Zito Decl., ¶¶ 30-31.

17        For these reasons, the Court should find that the requested rates of Plaintiff's counsel are

18  reasonable, and that they properly form the basis for Plaintiff's lodestar.

19        **D.    Plaintiff is entitled to recover his reasonable litigation costs.**

20        "Costs are awarded to the prevailing party in civil actions as a matter of course absent

21  express statutory provision, 'unless the court otherwise directs.'" *Nat'l Org. for Women v. Bank*

22

---

23  [8]      The Ninth Circuit has found that consideration of rates in the Real Rate Report, "a
24  national publication that provides statistical data on attorneys' fees by location and practice
    areas," is reasonable. *Kohler v. Eddie Bauer LLC*, 792 F. App'x 446, 448 (9th Cir. 2019)
25  (approvingly citing to district court orders that relied on the Real Rate Report). Other courts have
    found the Real Rate Report to be a much better reflection of true market rates than self-reported
26  rates in all practice areas," because it is based on rates in invoices that were actually paid. *Hicks
    v. Toys 'R' Us-Delaware, Inc.*, No. CV13-1302-DSF (JCGx), 2014 WL 4670896, *1 (C.D. Cal.
27  Sept. 2, 2014) (relying on Real Rate Report and discussing report methodology).

28  Plaintiff's Motion for Attorney's Fees and Costs        Disability Rights Advocates        Washington Civil and
    No. 2:20-cv-658-RAJ                                      20001 Center St., 4th Floor        Disability Advocate
    13                                                       Berkeley, CA 94704                4115 Roosevelt Way NE,
                                                             (510) 529-3412                    Ste B, Seattle, WA 98105
                                                                                               (206) 428-3172

*of Cal., Nat'l Ass'n.*, 680 F.2d 1291, 1294 (9th Cir. 1982) (quoting Fed. R. Civ. P. 54(d)). Under 42 U.S.C. § 3613(c)(2), Plaintiff is entitled to all reasonable out-of-pocket costs incurred, including taxable costs recoverable under Federal Rule of Civil Procedure 54(d). *Harris v. Marhoefer*, 24 F.3d 16, 20 (9th Cir. 1994) selecting through 2005); *see also Dang v. Cross*, 422 F.3d 800, 814 (9th Cir. 2005) (affirming that reasonable "out-of-pocket expenses that would normally be charged to a fee paying client" are recoverable under 42 U.S.C. § 1988) (quotation marks omitted).

Plaintiff's counsel has submitted their itemization of recoverable costs and expenses being claimed in this litigation.  Zito Decl. Ex. C; Reynoldson Decl. ¶ 52.  Plaintiffs seek total costs of **$7,205.53**. A complete summary of fees and costs incurred by Plaintiff's counsel is detailed below:

| | |
|---|---|
| **DRA Costs** | $5,212.88 |
| **WACDA Costs** | $2,074.65 |
| **Total Costs** | **$7,287.53** |

## IV.    CONCLUSION

For the reasons stated above, Plaintiff respectfully request that this Court award $150,000 in reasonable fees for the work of Plaintiff's counsel—the full amount that his settlement with the Seattle Housing Authority allows—along with $7,287.53 in costs.

DATED:  August 13, 2021                              Respectfully submitted,

DISABILITY RIGHTS ADVOCATES

Sean Betouliere
Disability Rights Advocates

*s/ Conrad Reynoldson*
Conrad Reynoldson
Washington Civil and Disability Advocate

Attorneys for Plaintiff

Plaintiff's Motion for Attorney's Fees and Costs
No. 2:20-cv-658-RAJ
14

Disability Rights Advocates
20001 Center St., 4th Floor
Berkeley, CA 94704
(510) 529-3412

Washington Civil and
Disability Advocate
4115 Roosevelt Way NE,
Ste B, Seattle, WA 98105
(206) 428-3172