UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TONY ROQUE,

          Plaintiff,

   v.

SEATTLE HOUSING AUTHORITY,

          Defendant.

CASE NO. 2:20-cv-00658-JRC

ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS

    This matter is before the Court on plaintiff's motion for attorneys' fees and costs (Dkt. 87) and on the parties' consent to proceed before a Magistrate Judge. Dkt. 85.

    Plaintiff, Tony Roque, is a severely disabled resident of Raven Terrace, a housing complex operated by defendant, Seattle Housing Authority, in downtown Seattle. Plaintiff was forced to sue defendant because he needed greater access to parking at the facility for himself and his nurses. This Court was initially charged with attempting to bring the parties together in settlement of their outstanding issues. Unfortunately, the parties were not able to negotiate a settlement until after both sides incurred significant expenditures in attorneys' fees and costs,

which included a motion for a temporary restraining order that was granted by the District Court Judge Richard Jones, which required defendant to provide plaintiff the accommodation that the parties ultimately agreed would also be the long-term accommodation.

Ultimately, the parties were able to agree that not only would plaintiff receive this accommodation but that he would also recover damages in the amount of $15,000. The parties also agreed to have this Court decide the issue of attorneys' fees and costs. *See* Dkts. 85, 87-20 at 6–7. The parties further agreed, during the hearing on July 14, 2021, that the total amount of attorneys' fees to be awarded by this Court would be no less than $10,000 and no more than $150,000. *See id.* After reviewing plaintiff's motion and the relevant record, this Court awards plaintiff $135,000 in attorneys' fees and $7,205.53 for costs incurred.

**DISCUSSION**

Under the Fair Housing Act, a prevailing plaintiff may be awarded reasonable attorney's fees and costs. *See* 42 U.S.C. § 3613(c)(2). In determining whether an award is proper under § 3613(c)(2), courts can "rel[y] upon cases interpreting § 1988 since 'fee-shifting statutes' similar in language is a strong indication that they are to be interpreted alike.'" *See Silver Sage Partners, Ltd. v. City of Desert Hot Springs*, 251 F.3d 814, 826 n. 15 (9th Cir. 2001) (quoting *Indep. Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 758 n. 2 (1989). Such fee-shifting provisions are intended "to ensure effective access to the judicial process for persons with civil rights grievances." *See Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (internal quotation marks omitted). That is because "[i]f successful plaintiffs were routinely forced to bear their own attorneys' fees, few aggrieved parties would be in a position to advance the public interest by invoking the injunctive powers of the federal courts." *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402 (1968) (per curiam).

Here, defendant does not contest that plaintiff is entitled to recover reasonable attorneys' fees and costs. *See* Dkt. 88 at 10. However, defendant argues that plaintiff's fee demand is not reasonable. *Id.*

**I.       Reasonableness of Plaintiff's Fees**

To determine the amount of a reasonable fee, courts in the Ninth Circuit first apply the "lodestar" method and then may adjust the lodestar "upward or downward based on a variety of factors." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) (citations omitted). "The lodestar method multiplies the number of hours 'the prevailing party reasonably expended on the litigation by a reasonable hourly rate.'" *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006) (quoting *McGrath v. County of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995).

According to plaintiff, the lodestar amount is "**$289,464.50**—which is far more than the agreed-upon $150,000 fee cap in this case." Dkt. 87 at 12. Plaintiff claims this is the "the most conservative fee petition possible" and that he has voluntarily deducted "no-charge" fees from the calculation. Dkt. 87 at 13. Specifically, plaintiff states that Disability Rights Advocates (DRA) has "no charged" 56.1 hours of its time, "resulting in an 18.8% reduction of DRA's firm-specific lodestar" and that Washington and Civil Disability Advocate (WACDA) has "no charged" 95.4 hours, "resulting in a 16.3% reduction to WACDA's firm-specific lodestar." *Id.* Still, the amount reflected by plaintiff's lodestar calculation is exceedingly high.

**A.  Hours Expended**

The amount of time expended by plaintiff's counsel exceeds the amount of time that should have been reasonably spent to prosecute this case. When determining a fee calculation, district courts can exclude hours that were not reasonably expended. *See Hensley*, 461 U.S. at 434. In doing so, courts have "the authority to make across-the-board percentage cuts in the

number of hours claimed or in the final lodestar figure." *Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992).

Here, much of the time attributed to the case by plaintiff's counsel cannot be tracked to substantive work product. During the course of the case, plaintiff only filed four material pleadings, which include the original complaint, a motion for preliminary injunction/ex parte temporary restraining order, a first amended complaint, and a supplemental briefing in support of a request for a preliminary injunction. *See* Dkts. 1, 2, 48, 53. The parties have also engaged in minimal discovery. According to defendant, plaintiff "drafted interrogatories (a total of 14 inquiries), requests for production (a total of 15 requests) and one set of requests for admission." Dkt. 88 at 1. Furthermore, defendant claims it "has taken only two depositions, each less than four hours" and that plaintiff has taken no depositions. *Id.*

Much of the time plaintiff claims appears to be for internal communication among the numerous attorneys for plaintiff. *See* Dkts. 87-3, 87-22. Specifically, many of WACDA's time entries are for "communication in firm" between various attorneys. *See* Dkt. 87-22. Fees incurred due to various attorneys needing to catch up on routine matters should not be passed on to defendant. As noted by the District Court, this is a "relatively simple case" concerning a single accommodation request from plaintiff. Dkt. 87-29 at 5.

On the other hand, defendant rigorously and aggressively refused to make the accommodation that it ultimately agreed to provide by way of settlement. As noted by plaintiff, "[g]iven [plaintiff]'s clear need, the simple nature of his requested accommodation, and [defendant]'s two-year history of having provided it," plaintiff's requests should have been provided without the substantial expenditure of attorneys' fees. Dkt. 87 at 7–8.

ORDER ON MOTION FOR ATTORNEYS' FEES AND
COSTS - 4

Defendants have the right to "play hardball" in contesting claims, but "it is also appropriate" for them to "bear the cost of their obstructionist strategy." *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 886 F.2d 1545, 1557 (9th Cir. 1989) (internal quotation marks omitted). While this court is not suggesting that defendant had an obstructionist strategy in this case, its aggressive defense against plaintiff's claims certainly increased the costs of litigation and plaintiff's recoverable fees should reflect that reality.

Finding a reasonable amount of recoverable fees is further complicated in this case because a review of the time entries reveals that plaintiff's counsel has engaged in some block-billing. *See* Dkt. 87-22. In such situations, the Court can engage in an across-the-board reduction. *See Welch v. Metropolitan Life Ins. Co*., 480 F. 3d 942, 948 (9th Cir. 2007).

This case is unique because the amount of fees to be awarded has been "bracketed" by agreement between the parties. *See* Dkt. 87 at 6. It would not be unreasonable to conclude that any reduction in time should be based on the total from plaintiff's lodestar calculation—not the voluntarily reduced amount that plaintiff has agreed to accept in settlement. According to defendant, the Court should reduce plaintiff's requested fee by 20 percent due to the unnecessary time. *See* Dkt. 88 at 12–13. If that were done on the total loadstar calculation, assuming defendant's 20 percent reduction, plaintiff's total fees would be $231,571.60—which is still more than the $150,000, which is the upper limit of the stipulated bracket. Therefore, the Court concludes that any reduction in time expended is already covered by the parties' bracketed amount.

### B. Hourly Rate

The standard hourly rates for plaintiff's counsel are in the higher range, but they are not unreasonable, and appear to be in line with the prevailing market rates in this district. Plaintiff

...
...

has submitted evidence of awards from this district that were based on similar rates. *See* Dkt. 87-1 at 8–11. Plaintiff's requested hourly rates in this case range from $300 per hour for associates to $545 per hour for the most senior litigators. *See* Dkt. 87 at 15. Based on the declarations provided, these rates appear to be in line with the hourly rates of other attorneys with similar experience and expertise. *See* Dkts. 87-1, 87-21. DRA and WACDA have extensive experience in the field and have successfully litigated or concluded hundreds of matters successfully. *Id.* Defendant argues that the hourly rates exceed the prevailing rates in the district, but it provided no evidence supporting its position. *See* Dkt. 88 at 17–18. Therefore, the Court concludes that plaintiff's hourly rates are reasonable.

### C. Adjustment to the Lodestar

District Courts may adjust the amount awarded for attorney fees by a "variety of factors." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). According to the Supreme Court, the most critical factor in determining the reasonableness of an award is "the degree of success obtained." *Farrar v. Hobby*, 506 U.S. 103, 114 (1992). The Court is "obligated" to "compare" the relief the plaintiff originally sought with the relief he ultimately obtained. *Id.* (internal quotations omitted).

Here, plaintiff received the accommodation he sought, but settled for less money than he initially demanded. Therefore, at least some reduction should be considered based on that factor. The Court concludes that this case merits a 10 percent reduction on the upper limit of the bracketed amount provided by the parties. Such a reduction is within the Court's discretion. *See Moreno*, 534 F.3d at 1112 and reflects a variety of factors, including all of the counterbalancing considerations set forth above. Therefore, plaintiff is awarded $135,000 in reasonable attorneys' fees.

**II.     Costs**

Pursuant to Fed. R. Civ. P. 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Under 42 U.S.C. § 3613(c)(2), plaintiff is entitled to all reasonable out-of-pocket costs incurred, including taxable costs recoverable under Federal Rule of Civil Procedure 54(d). *See Harris v. Marhoefer*, 24 F.3d 16, 19–20 (9th Cir. 1994)

Here, plaintiff seeks a total of $7,205.53 for costs incurred. Defendant disputes two of plaintiff's costs. First, defendant disputes plaintiff's recoupment of $1,500 for a second translator to attend a deposition. *See* Dkt. 88 at 18. According to defendant, the second translator was not necessary because defendant had already arranged for a translator. *Id.* However, it is not unusual or unreasonable for parties to have a second translator available for a court hearing or deposition. It appears that the purpose of the second translator was to "check for any discrepancies in translation." Dkt. 88-2 at 2. Therefore, providing such a translator, and paying for it, is not unreasonable.

Defendant also disputes plaintiff's recoupment of $3,840 arising from Ms. Vreeland's declaration filed in support of counsel's fee petition. *See* Dkt. 88 at 18. The Court concludes that it is not unreasonable to pay an expert for providing expert testimony. Ms. Vreeland provided pertinent testimony regarding the reasonableness of plaintiff's rates, which was within her expertise. *See* Dkt. 87-30. In summary, the Court finds that plaintiff's claimed costs are reasonable and plaintiff is entitled to their recoupment.

///

///

///

## CONCLUSION

Based on the foregoing, plaintiff shall be awarded $135,000 in attorneys' fees and $7,205.53 in costs.

Dated this 27th day of September, 2021.

*J. Richard Creatura*
J. Richard Creatura
Chief United States Magistrate Judge